# EXHIBIT A

**ELECTRONICALLY FILED**
**COURT OF COMMON PLEAS**
**Tuesday, July 26, 2022 9:21:05 AM**
**CASE NUMBER: 2022 CV 03286 Docket ID: 36483267**
**MIKE FOLEY**
**CLERK OF COURTS MONTGOMERY COUNTY OHIO**

## IN THE COURT OF COMMON PLEAS
## MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| PATRICIA INSPRUCKER<br>3213 Roesch Blvd., Building J<br>Fairfield, OH 45014 | )<br>)<br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | **COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF** |
| CARESOURCE MANAGEMENT<br>SERVICES, LLC<br>Headquarters<br>230 North Main Street<br>Dayton, OH 45402 | )<br>)<br>)<br>)<br>)<br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve Also:**<br>CARESOURCE MANAGEMENT<br>SERVICES, LLC<br>c/o Corp. Service Co.<br>Statutory Agent<br>50 West Broad Street, Ste. 1330<br>Columbus, OH 43215 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

Plaintiff, Patricia Insprucker, by and through undersigned counsel, as her Complaint against the Defendant, states and avers the following:

### PARTIES

1. Insprucker is a resident of the city of Fairfield, Butler County, Ohio.

2. Defendant CARESOURCE MANAGEMENT SERVICES, LLC, ("Caresource") is a domestic limited-liability company that conducts business within the state of Ohio. The relevant location of the events and omissions of this Complaint took place was 230 North Main Street, Dayton, OH 45402.

3. Caresource is, and was at all times hereinafter mentioned, Insprucker's employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII") 42 U.S.C §2000e, the Family and Medical Leave Act ("FMLA") 29 U.S.C. §2617 et seq., the Age Discrimination in Employment Act of 1967 ("ADEA") 29 U.S. Code § 634, and R.C. § 4112 et seq.

4. Within 300 days of the adverse employment actions described herein, Insprucker filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 473-2022-00038 ("EEOC Charge").

5. On or about May 12, 2022, the EEOC issued and mailed a Notice of Right to Sue letter to Insprucker regarding the EEOC Charge.

6. Insprucker received the Notice of Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 200e-5(f)(1), which had been attached hereto as Plaintiff's Exhibit 1.

7. Insprucker has filed this Complaint on or before the 90-day deadline set forth in the Notice of Right to Sue letter.

8. Insprucker has properly exhausted all administrative remedies pursuant to 29 C.R.F. § 1614.407(b).

## JURISDICTION & VENUE

9. All of the material events alleged in this Complaint occurred in or around Montgomery County, Ohio.

10. Therefore, personal jurisdiction is proper over Defendant pursuant to R.C. § 2307.382(A)(1) and/or (3).

11. Venue is proper pursuant to Civ. R. 3(C)(1), (3), and/or (6).

12. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

13. Insprucker is a former employee of Caresource.

14. At all times noted herein, Insprucker was qualified for her position(s) at Caresource.

15. At all times noted herein, Insprucker could fully perform the essential functions of her job(s), with or without a reasonable accommodation.

16. Insprucker worked as a Business Analyst at Caresource from February 2013, until Caresource unlawfully terminated Insprucker employment on or around April 30, 2021.

17. Insprucker is 61 years old, placing her in a protected class for age.

18. In or around early June 2020, Insprucker broke her right foot right outside of work.

19. As a result of suffering from anxiety, depression, and foot injuries, Insprucker is and was considered disabled within the meaning of R.C. § 4112.01(A)(13) and the ADA.

20. In the alternative, Caresource perceived Insprucker as being disabled.

21. In the alternative, the Caresource perceived that Insprucker's medical condition constituted a physical impairment.

22. In the alternative, Caresource perceived Inspruckers's disability to substantially impair one or more of her major life activities, including working.

23. Despite this actual or perceived disabling condition, Insprucker was still able to perform the essential functions of her job(s).

24. Insprucker's foot did not heal well, and on or around July 29, 2020, was her last day at work as she used six weeks of continuous FMLA leave for her first foot surgery.

25. Insprucker was out from October through on or around January 4, 2021 for the second foot surgery.

3

26. Insprucker used FMLA, short-term disability, and a Caresource offered medical policy for this time off.

27. Following this, on or around March 9, 2021, Insprucker's granddaughter suddenly passed away, and Insprucker took bereavement leave.

28. During the following days, Insprucker worked with her doctors for additional medical leave.

29. This additional medical leave would have been a reasonable accommodation for Insprucker's disability.

30. Insprucker's doctors completed the documentation and provided it to Caresource's human resources department ("HR").

31. Throughout most of Insprucker's early employment, Monica Toney was her primary HR contact.

32. However, Toney left Caresource around early April 2021, in the midst of Insprucker's efforts to obtain medical leave.

33. Toney was replaced by Stephanie Davis.

34. This change in staff caused issues on Caresource's end for providing the leave to Insprucker.

35. Throughout this time, Insprucker stayed in consistent contact with manager Valerie Lewis.

36. Insprucker was scheduled to return to work on or around May 4, 2021.

37. On or around April 30, 2021, Insprucker received a call from a man (name unknown, "NU") from Caresource.

38. NU terminated Insprucker's employment, citing that the company had not received all of the required documentation for the leaves to be effective.

39. Insprucker asked to appeal the termination, but was told that it was not an option.

4

40. Insprucker then spoke to a supervisor, who told her that she could contest the termination, but the appeal would have to go through HR.

41. Insprucker took the appeal through HR, but her employment was terminated, nonetheless.

42. To the extent Insprucker had missed work, such absences should have been covered by FMLA leave because they were connected to Insprucker's serious health condition.

43. By terminating Insprucker's employment prior to discussing the additional time off with her, Caresources failed to engage in the interactive process of finding her a reasonable accommodation.

44. At the time of her termination, Insprucker was 61 years of age.

45. Caresource's purported reason for Insprucker's termination is pretext for discrimination.

46. On or about April 30, 2021, Insprucker was actually terminated in retaliation for her use of FMLA.

47. Defendant's did not proffer a legitimate non-discriminatory reason for terminating Insprucker.

48. The above facts demonstrate that Defendant engaged in a pattern and practice of age and disability discrimination.

49. The above facts demonstrate that Defendant engaged in a pattern and practice of unlawful retaliation.

50. There was a causal connection between Insprucker's age and disability and Defendant's termination of Insprucker.

51. As a result of Caresource's acts and omissions, Insprucker has suffered, and will continue to suffer, damages.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

52. Insprucker restates each and every prior paragraph of this complaint, as if it were fully restated herein.

53. Insprucker is 61 years old.

54. At all times relevant, Insprucker was a member of a statutorily-protected class under the ADEA.

55. Defendant treated Insprucker differently from other similarly situated employees based on her age.

56. As of April 30, 2021, Insprucker was fully qualified for her position and employment with the Defendant.

57. Insprucker, at age 61, was a member of a statutorily-protected class under the ADEA at the time she was terminated from her employment with the Defendant.

58. Insprucker was terminated from her employment on or around April 30, 2021.

59. Defendant violated the ADEA by discriminating against Insprucker based on her age.

60. Insprucker suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADEA.

61. As a direct and proximate result of the Defendant's conduct, Insprucker suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112 et seq.

62. Insprucker restates each and every prior paragraph of this complaint, as if it were fully restated herein.

63. Insprucker is 61 years old.

64. At all times relevant, Insprucker was a member of a statutorily-protected class under R.C. §4112.14(B).

65. Defendant treated Insprucker differently from other similarly situated employees based on her age.

66. As of April 30, 2021, Insprucker was fully qualified for her position and employment with the Defendant.

67. Insprucker, at age 61, was a member of a statutorily-protected class under R.C. § 4112.14(B) at the time she was terminated from her employment with the Defendant.

68. Insprucker was terminated from her employment on or around April 30, 2021.

69. Defendant violated R.C. §4112 by discriminating against Insprucker based on her age.

70. Insprucker suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

71. As a direct and proximate result of the Defendant's conduct, Insprucker suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT III: DISABILITY DISCRIMINATION UNDER THE ADA

72. Insprucker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

73. Insprucker suffers from anxiety, depression, and injuries to her right foot.

74. Insprucker is disabled.

75. In the alternative, Caresource perceived Insprucker as being disabled.

76. Insprucker's condition constituted a physical impairment.

7

77. Insprucker's condition substantially impaired one or more of her major life activities including working.

78. Caresource perceived Insprucker's condition to substantially impair one or more of her major life activities including working.

79. Caresource treated Insprucker differently than other similarly-situated employees based on her disabling condition.

80. Caresource treated Insprucker differently than other similarly-situated employees based on her perceived disabling condition.

81. On or about April 30, 2021, Defendant terminated Insprucker's employment without just cause.

82. Defendant terminated Insprucker's employment based on her disability.

83. Defendant terminated Insprucker's employment based on her perceived disability.

84. Defendant violated the ADA when it discharged Insprucker based on her disability.

85. Defendant violated the ADA when it discharged Insprucker based on her perceived disability.

86. Caresource violated the ADA by discriminating against Insprucker based on her disabling condition.

87. Caresource violated the ADA by discriminating against Insprucker based on her perceived disabling condition.

88. Insprucker suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA.

89. As a direct and proximate result of Defendant's conduct, Insprucker suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT IV: DISABILITY DISCRIMINATION UNDER R.C. § 4112 et seq.

90. Insprucker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

91. Insprucker suffers from anxiety, depression, and injuries to her right foot.

92. Insprucker is disabled.

93. In the alternative, Caresource perceived Insprucker as being disabled.

94. Insprucker's condition constituted a physical impairment.

95. Insprucker's condition substantially impaired one or more of her major life activities including working.

96. Caresource perceived Insprucker's condition to substantially impair one or more of her major life activities including working.

97. Caresource treated Insprucker differently than other similarly-situated employees based on her disabling condition.

98. Caresource treated Insprucker differently than other similarly-situated employees based on her perceived disabling condition.

99. On or about April 30, 2021, Defendant terminated Insprucker's employment without just cause.

100. Defendant terminated Insprucker's employment based on her disability.

101. Defendant terminated Insprucker's employment based on her perceived disability.

102. Defendant violated R.C. § 4112 when it discharged Insprucker based on her disability.

103. Defendant violated R.C. § 4112 when it discharged Insprucker based on her perceived disability.

104. Caresource violated R.C. § 4112 by discriminating against Insprucker based on her disabling condition.

105. Caresource violated R.C. § 4112 by discriminating against Insprucker based on her perceived disabling condition.

106. Insprucker suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

107. As a direct and proximate result of Defendant's conduct, Insprucker suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT V: FAILURE TO ACCOMMODATE UNDER THE ADA

132. Insprucker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

133. Insprucker informed Caresource of her disabling condition.

134. Insprucker requested accommodations from Caresource to assist with her disabilities including additional medical leave.

135. Insprucker's requested accommodations were reasonable.

136. There was an accommodation available that would have been effective and would have not posed an undue hardship to Caresource.

137. Caresource failed to engage in the interactive process of determining whether Insprucker needed an accommodation.

138. Caresource failed to provide an accommodation.

139. Caresource violated the ADA.

140. As a direct and proximate result of Caresource's conduct, Insprucker suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VI: FAILURE TO ACCOMMODATE UNDER R.C. §4112 et. seq.

141. Insprucker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

142. Insprucker informed Defendant of her disabling condition.

143. Insprucker requested accommodations from Defendant to assist with her disabilities including additional medical leave.

144. Insprucker's requested accommodations were reasonable.

145. There was an accommodation available that would have been effective and would have not posed an undue hardship to Caresource.

146. Defendant failed to engage in the interactive process of determining whether Insprucker needed an accommodation.

147. Defendant failed to provide an accommodation.

148. Defendant violated R.C. § 4112 by failing to provide Insprucker a reasonable accommodation.

149. Insprucker suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

150. As a direct and proximate result of Defendant's conduct, Insprucker suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VII: RETALIATORY DISCRIMINATION

108. Insprucker restates each and every prior paragraph of this complaint, as if it were fully restated herein.

109. As a result of the Defendant's discriminatory conduct described above, Insprucker complained about the age and disability discrimination she was experiencing.

110. Subsequent to Insprucker reporting of age and disability discrimination to her supervisor, Insprucker's employment was terminated.

111. Defendant's actions were retaliatory in nature based on Insprucker's opposition to the unlawful discriminatory conduct.

112. Pursuant to R.C. §4112.02(I), the ADEA, and the ADA it is an unlawful discriminatory practice "to discriminate in any manner against any other person because that person has opposed any unlawful discriminatory practice.

113. Insprucker suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages.

114. As a direct and proximate result of Defendant's retaliatory discrimination against and termination of Insprucker, she suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT VIII: RETALIATION IN VIOLATION OF THE FMLA

115. Insprucker restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

116. During her employment, Insprucker utilized FMLA leave.

117. After Insprucker utilized her qualified FMLA leave, Defendant retaliated against her.

118. Defendant retaliated against Insprucker by terminating her employment.

12

119. Defendant willfully retaliated against Insprucker in violation of U.S.C. § 2615(a).

120. As a direct and proximate result of Defendant's wrongful conduct, Insprucker is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## **DEMAND FOR RELIEF**

WHEREFORE, Insprucker demands from Defendant the following:

a) Issue a permanent injunction:

  i. Requiring Defendant to abolish discrimination, harassment, and retaliation;

  ii. Requiring allocation of significant funding and trained staff to implement all changes within two years;

  iii. Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

  iv. Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

  v. Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

b) Issue an order requiring Defendant to expunge Insprucker's personnel file of all negative documentation;

c) An award against each Defendant for compensatory and monetary damages to compensate Insprucker for physical injury, physical sickness, lost wages, emotional

13

distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

e) An award of reasonable attorneys' fees and non-taxable costs for Insprucker's claims as allowable under law;

f) An award of the taxable costs of this action; and

g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

___/s/ Evan R. McFarland____
Evan R. McFarland (0096953)
Matthew G. Bruce (0083769)
        Trial Attorney
Brianna R. Carden (0097961)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244 x173
Fax:    (216) 291-5744
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

*Attorneys for Plaintiff Patricia Insprucker*

## **JURY DEMAND**

Plaintiff Patricia Insprucker demands a trial by jury by the maximum number of jurors permitted.

___/s/ Evan R. McFarland_____
Evan R. McFarland (0096953)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Cincinnati Area Office**
550 Main Street, Suite 10-191
Cincinnati, OH 45202
(513) 914-6007
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 05/12/2022

**To:** Patricia Insprucker
3213 Roesch Blvd
Fairfield, OH 45014

Charge No: 473-2022-00038

EEOC Representative and email:     Amy Trzop-Vos, Investigator
Amy.Trzop-Vos@eeoc.gov

---

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 473-2022-00038.

On behalf of the Commission,

Digitally Signed By: Michelle Eisele/atv
05/12/2022

Michelle Eisele
Indianapolis District Director

**cc:**
Beth Byington
Caresource Management Services LLC
elizabeth.byington@caresource.com

Evan McFarland
The Spitz Law Firm
evan.mcfarland@spitzlawfirm.com

**Please retain this notice for your records.**

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a FOIA Request or 2) a Section 83 request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your request for the charge file promptly to allow sufficient time for EEOC to respond and for your review. Submit a signed written request stating it is a "FOIA Request" or a "Section 83 Request" for Charge Number 473-2022-00038 to the District Director at Michelle Eisele, 1010 West Ohio St Suite 1900, Indianapolis, IN 46204.

You can also make a FOIA request online at https://eeoc.arkcase.com/foia/portal/login.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA Requests and Section 83 Requests, go to: https://www.eeoc.gov/eeoc/foia/index.cfm.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

### "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

***Note:*** *Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

ELECTRONICALLY FILED
COURT OF COMMON PLEAS
TUESDAY, JULY 26 2022 09:50:36 AM
CASE NUMBER: 2022 CV 03286 Docket ID: 36483363
MIKE FOLEY
CLERK OF COURTS MONTGOMERY COUNTY OHIO

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

| **PLAINTIFF** | **CASE NUMBER** |
|---|---|
| PATRICIA INSPRUCKER | 2022 CV 03286 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CARESOURCE MANAGEMENT SERVICES LLC | 276007740486 |

**TO THE FOLLOWING NAMED DEFENDANT:**

CARESOURCE MANAGEMENT SERVICES LLC
230 NORTH MAIN STREET
DAYTON OH 45402

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio. **A copy of the Complaint is attached.**

**BY:**
PATRICIA INSPRUCKER
3213 ROESCH BLVD
BUILDING J
FAIRFIELD, OH  45014

**PLAINTIFF ATTORNEY:**
BRIANNA CARDEN
4568 MAYFIELD RD
SUITE 102
SOUTH EUCLID, OH 44121

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.** Your original **Answer** must be filed with the Clerk of Court's Office **within 3 days** after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper OR through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Tuesday, July 26, 2022**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

| | |
|---|---|
| **PLAINTIFF** | **CASE NUMBER** |
| PATRICIA INSPRUCKER | 2022 CV 03286 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CARESOURCE MANAGEMENT SERVICES LLC | 276007740486 |

**TO THE FOLLOWING NAMED PARTY:**

CARESOURCE MANAGEMENT SERVICES LLC

230 NORTH MAIN STREET

DAYTON, OH 45402

### RETURN OF SERVICE(PERSONAL)

**FEES**

SERVICE          $_____

MILEAGE          _____

TOTAL            $_____

DATE             _____

I received the document on _____, 2022, at ____ o'clock ____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2022.

By _____

### RETURN OF SERVICE(RESIDENCE)

**FEES**

SERVICE          $_____

MILEAGE          _____

TOTAL            $_____

DATE             _____

I received the document on _____, 2022, at ____ o'clock ____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2022.

By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

SERVICE          $_____

MILEAGE          _____

TOTAL            $_____

DATE             _____

I received the document on _____, 2022, at ____ o'clock ____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____

By _____

PAGE INTENTIONALLY LEFT BLANK

# IN THE COURT OF COMMON PLEAS, MONTGOMERY COUNTY OHIO
## CIVIL DIVISION

# SUMMONS

**PLAINTIFF**                                           **CASE NUMBER**

PATRICIA INSPRUCKER                                    2022 CV 03286

**VS**

**DEFENDANT**                                           **ARTICLE NUMBER**

CARESOURCE MANAGEMENT SERVICES                         276007762506
LLC

**TO THE FOLLOWING NAMED DEFENDANT:**

CARESOURCE MANAGEMENT SERVICES LLC
CO CORP. SERVICE CO.
STATUTORY AGENT
COLUMBUS OH 43215

You have been named a Defendant or Respondent in a complaint filed in Montgomery County Court of Common Pleas, Dayton, Ohio.**A copy of the Complaint is attached.**

**BY:**

PATRICIA INSPRUCKER
3213 ROESCH BLVD
BUILDING J
FAIRFIELD, OH  45014

**PLAINTIFF ATTORNEY:**

BRIANNA CARDEN
4568 MAYFIELD RD
SUITE 102
SOUTH EUCLID, OH 44121

You are hereby summoned and required to serve upon the Plaintiff's attorney, or upon the Plaintiff, if the Plaintiff does not have an attorney, a copy of an **Answer to the Complaint** within **28 days after receipt of this summons, exclusive of the day you received the summons.**  Your original **Answer**must be filed with the Clerk of Court's Office **within 3 days**after you serve the Plaintiff's attorney or Plaintiff.

**If you fail to appear and defend, Judgment by Default may be rendered against you granting Plaintiff(s) the relief demanded in the Complaint.**

**NOTE:**

If you are represented by an attorney, your attorney is required to electronically file your Answer through the Court's authorized electronic filing system. See Montgomery County Common Pleas Court Loc. R. 1.15, Electronic Filing of Court Documents, for requirements of electronic filing. Local rules can be accessed at www.montcourt.oh.gov. Service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, your attorney is required to serve a paper copy of your Answer to the Plaintiff.

If you are representing yourself (appearing pro se), you have the option to file your Answer in paper <u>OR</u> through the Court's authorized electronic filing system (See Loc. R. 1.15, Electronic Filing of Court Documents). Local rules can be accessed at www.montcourt.oh.gov. If you file your Answer in paper, you are required to serve a paper copy of your Answer to the Plaintiff's Attorney or the Plaintiff. If you file your Answer electronically, service of the Answer will be made upon the Plaintiff's attorney through the Court's authorized electronic filing system. If the Plaintiff does not have an attorney, you are required to serve a paper copy of your Answer to the Plaintiff.



**/s/ MIKE FOLEY, ISSUED Tuesday, July 26, 2022**
**MIKE FOLEY, CLERK**
**COURT OF COMMON PLEAS**
**MONTGOMERY COUNTY, OHIO**

**PREPARED ELECTRONICALLY**

**In The Court Of Common Pleas, Montgomery County Ohio**
**Civil Division**

**RETURN OF SERVICE SUMMONS**

| **PLAINTIFF** | **CASE NUMBER** |
|---|---|
| PATRICIA INSPRUCKER | 2022 CV 03286 |
| **VS** | |
| **DEFENDANT** | **ARTICLE NUMBER** |
| CARESOURCE MANAGEMENT SERVICES LLC | 276007762506 |

**TO THE FOLLOWING NAMED PARTY:**

CARESOURCE MANAGEMENT SERVICES LLC

CO CORP. SERVICE CO.

STATUTORY AGENT

COLUMBUS, OH 43215

### RETURN OF SERVICE(PERSONAL)

**FEES**

SERVICE     $_____

MILEAGE          _____

TOTAL       $_____

DATE             _____

I received the document on _____, 2022, at _____ o'clock _____ M. and made personal service of it upon _____ by locating him/them and tendering a copy of the document and accompanying documents, on _____, 2022.

By _____

### RETURN OF SERVICE(RESIDENCE)

**FEES**

SERVICE     $_____

MILEAGE          _____

TOTAL       $_____

DATE             _____

I received the document on _____, 2022, at _____ o'clock _____ M. and made residence service of it upon _____ by leaving, at his/their usual place of residence with _____ a person of suitable age and discretion then residing therein a copy of the complaint and accompanying documents, on _____, 2022.

By _____

### RETURN OF SERVICE(FAILURE OF SERVICE)

**FEES**

SERVICE     $_____

MILEAGE          _____

TOTAL       $_____

DATE             _____

I received the document on _____, 2022, at _____ o'clock _____ M. with instructions to make personal/residence service upon _____ and I was unable to serve a copy documents upon him/them for the following reasons: _____

By _____

PAGE INTENTIONALLY LEFT BLANK

**Docket Information**

**Date**
**Docket Entry**

---

8/11/2022
SUCCESSFUL FEDEX SERVICE
Method : CIVIL FEDEX SERVICE
Issued : 07/26/2022
Service : CIVIL INITIAL SERVICE EFILING
Served : 07/29/2022
Return : 08/11/2022
On : CARESOURCE MANAGEMENT SERVICES LLC
Signed By : C THOMAS

Reason : FEDEX SUCCESSFUL SERVICE
Comment :

Tracking # : 276007762506
Document Type: SUCCESSFUL FEDEX SERVICE

8/11/2022
SUCCESSFUL FEDEX SERVICE
Method : CIVIL FEDEX SERVICE
Issued : 07/26/2022
Service : CIVIL INITIAL SERVICE EFILING
Served : 07/29/2022
Return : 08/11/2022
On : CARESOURCE MANAGEMENT SERVICES LLC
Signed By : R PAYTON

Reason : FEDEX SUCCESSFUL SERVICE
Comment :

Tracking # : 276007740486
Document Type: SUCCESSFUL FEDEX SERVICE

7/26/2022
CIVIL SUMMONS ISSUED

CIVIL SUMMONS EFILING
Sent on: 07/26/2022 09:50:36.54
Document Type: CIVIL SUMMONS ISSUED
[📄 DOWNLOAD]

7/26/2022
Issue Date: 07/26/2022
Service: CIVIL INITIAL SERVICE EFILING
Method: CIVIL FEDEX SERVICE
Cost Per: $10.00

CARESOURCE MANAGEMENT SERVICES LLC
230 NORTH MAIN STREET
DAYTON, OH 45402
Tracking No: 276007740486

CARESOURCE MANAGEMENT SERVICES LLC
CO CORP. SERVICE CO.
STATUTORY AGENT
50 WEST BROAD STREET STE. 1330
COLUMBUS, OH 43215
Tracking No: 276007762506

Document Type: CIVIL FEDEX SERVICE

7/26/2022
CIVIL CONVENIENCE FEE CREDIT CARD
FILED BY BRIANNA CARDEN Receipt: 1365480 Date: 07/26/2022
Document Type: CIVIL CONVENIENCE FEE CREDIT CARD

7/26/2022
INSTRUCTIONS FOR SERVICE ON A NEW CASE
BY CLERK FILED BY BRIANNA CARDEN
Document Type: INSTRUCTIONS FOR SERVICE ON A NEW CASE
[📄 DOWNLOAD]

7/26/2022
CASE INFORMATION SHEET
FILED BY BRIANNA CARDEN
Document Type: CASE INFORMATION SHEET
[📄 DOWNLOAD]

7/26/2022
CIVIL DEPOSIT Receipt: 1365480 Date: 07/26/2022
Document Type: CIVIL DEPOSIT

**Docket Information**

**Date**
**Docket Entry**

7/26/2022
COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF FILED BY BRIANNA CARDEN Receipt: 1365480 Date: 07/26/2022
Document Type: COMPLAINT

DOWNLOAD