IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| PATRICIA INSPRUCKER, | : | CASE NO. 3:22-cv-00229 |
| Plaintiff, | : | (Judge Walter H. Rice) |
| | | (Magistrate Judge Caroline H. Gentry) |
| v. | : | |
| CARESOURCE MANAGEMENT SERVICES LLC, | : | **STIPULATED AND HIPAA QUALIFIED** |
| | : | **PROTECTIVE ORDER** |
| Defendant. | | |
| | : | |

Plaintiff Patricia Insprucker and Defendant CareSource Management Services

LLC (collectively, "Parties"; individually, "Party"), recognize the need to provide for the

expeditious transfer of confidential and Protected Health Information ("PHI") between them and

their representatives, in connection with the above-captioned litigation. To achieve this goal, and

with the agreement of the Parties, IT IS ORDERED that for good cause shown, the instant

Stipulated and HIPAA Qualified Protective Order is entered to govern the production and

exchange of Confidential Information as defined in Paragraph 1 below.

1.    **Scope.** Certain documents or electronically stored information relevant to

this Litigation may contain confidential information, and commercially sensitive or proprietary

information, the disclosure of which may be prejudicial to the interests of a Party, and protected

health information, including Plaintiff's PHI, deemed private under state and federal law,

including but not limited to the Health Insurance Portability and Accountability Act of 1996

("HIPAA") and regulations promulgated thereunder by the U.S. Department of Health and

Human Services, 45 C.F.R. Parts 160, 162, and 164 (the "HIPAA Rules"), the Health

Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"),

and/or applicable state law. Parties may also be required to disclose trade secrets or proprietary commercial information, and personnel records. Such information is referred to collectively as "Confidential Information." The Parties may produce certain Confidential Information for use in the Litigation subject to the terms of this Protective Order.

The Parties, and any other person who agrees to be bound by the terms of this Order, are prohibited from disseminating Confidential Information beyond the parameters established by this Order or using Confidential Information for any purpose other than the prosecution or defense of the Litigation, including but not limited to mediation, settlement discussions, hearings, trial, appeals (including the expiration of the time to commence appellate proceedings without appeal), and preparation for the same (collectively, "Litigation"). The Parties, and any other person who agrees to be bound by the terms of this Order, are required to ensure that any use or disclosure of protected materials be made consistent with the terms of this Order.

2. **Form and Timing of Designation.** Any document or electronically stored information produced in discovery, or any summaries or compilations derived therefrom, including but not limited to productions of documents, answers to interrogatories, responses to requests for admissions, deposition testimony, exhibits, and all other discovery, regardless of the format, may be designated as Confidential Information by marking it as "CONFIDENTIAL." If a Party is the producing party, then such designation shall be made at the time that copies are furnished to a Party conducting discovery or when such documents are otherwise disclosed. If a third party subpoenaed by one of the Parties is the producing Party, then such designation shall be made by that third party at the time that copies are furnished to a Party conducting discovery or when such documents are otherwise disclosed, or by any Party within thirty (30) days after

2

such copies are furnished to a Party conducting discovery or otherwise disclosed if the copies

contain information relating to the Party making that designation. The appropriate designation

shall be marked on every page of the document with the appropriate legend, unless marking on

the cover page is sufficient to designate the entire document. The designation shall not interfere

with the legibility of the information contained in the document.

3. **Documents Which May be Designated "CONFIDENTIAL."** Any

Party or any third party subpoenaed by one of the Parties may designate documents as

"CONFIDENTIAL" upon making a good faith determination that the documents contain,

constitute, or refer to i) information protected from disclosure by statute or that should be

protected from disclosure as confidential personal information, medical or psychiatric

information, PHI, personnel records, or such other sensitive information that is not publicly

available, or that is to be kept confidential due to preexisting obligations; or ii) trade secrets,

personnel records, or such other sensitive commercial information that is not publicly available.

4. **Documents Which May Not Be Designated "CONFIDENTIAL."**

Nothing shall be designated as "CONFIDENTIAL" if it is information that:

    A.    is in the public domain at the time of disclosure;

    B.    becomes part of the public domain through no action or fault of the other Parties, the receiving Party, or counsel, or any expert, or other person to whom disclosure is permitted pursuant to this Order;

    C.    was in the rightful and lawful possession of the receiving Party at the time of disclosure on a non-confidential basis from a source other than the producing Party, provided that such source is not bound by a confidentiality agreement with the producing Party; or

    D.    is lawfully received by the receiving Party at a later date from a Party without restrictions as to disclosure, provided such Party has the right to make the disclosures.

3

5.     **Depositions.** The Parties may designate information disclosed at a deposition as Confidential Information by indicating on the record at the deposition that a specific portion of testimony or any exhibit identified is so designated and subject to the terms of this Order; or, alternatively, in writing, by any Party within 30 days of receipt of the final copy of the written deposition transcript. The court reporter shall stamp the portions of deposition testimony or any exhibit identified during a deposition designated as containing Confidential Information as "CONFIDENTIAL" and access to such information shall be limited as provided in this Order. Confidential Information shall not lose its character because it is designated as an exhibit to a deposition, regardless of whether the deposition or deposition transcript itself is later designated, in whole or part, "CONFIDENTIAL." If, within thirty (30) days of receipt of the final transcript, no party designates in writing, certain portions of the transcript as "CONFIDENTIAL," then all Parties shall be permitted to use such portions of the transcript and the information contained therein with no restrictions on confidentiality.

6.     **Expert Reports**. In the case of expert reports, if any information identified or paraphrased in, or attached to the report is designated as "CONFIDENTIAL," then the report shall be marked on the cover as "CONFIDENTIAL" and the portion of the report reflecting such information shall be stamped the same. The Party retaining the expert shall be responsible for the initial stamping of each report.

7.     **Protected Health Information.** "PHI" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103, and applicable state law, without regard to whether the material has been designated as "CONFIDENTIAL." Without limiting the generality of the foregoing, "PHI" refers to individually identifiable health information, including without limit demographic information, collected from an individual or subscriber, that: (a) is created or

4

received by a health care provider, health plan, employer, or health care clearinghouse; and (b)

relates to the past, present or future physical or mental health or condition of an individual or

subscriber, or the past, present or future payment for the provision of health care to an individual

or subscriber, and (i) that identifies the individual or subscriber, or (ii) with respect to which

there is a reasonable basis to believe the information can be used to identify the individual or

subscriber. Subject to the rules of procedure governing this Litigation and without prejudice to

any objection made by any Party except as otherwise provided in this Order, the Parties are

authorized to disclose to each other PHI, subject to all terms of this Order and without limitation

to Paragraph 9 below. Upon receipt of any PHI disclosed between the Parties during this

Litigation, the receiving Party shall take all reasonable measures necessary for protecting the PHI

from unauthorized disclosure as required under both state and federal law, including but not

limited to, HIPAA. Confidential Information includes PHI without regard to whether the

material has been designated "CONFIDENTIAL."

      8. **Restrictions on Disclosure of Confidential Information Designated as**

**"CONFIDENTIAL."** All Confidential Information designated as "CONFIDENTIAL" shall be

subject to the following restrictions:

      A.     such documents, information, and things shall be used only for the purpose of this Litigation and not for any other purpose whatsoever;

      B.     such documents, information, and things shall not be given to, shown, made available, or communicated in any way inconsistent with this Order or to anyone other than "Qualified Persons," defined below, which persons receiving Confidential Information shall not make further disclosure to anyone except as allowed by this Order; and

      C.     no one except Qualified Persons, defined below, shall be provided copies of any Confidential Information.

D.   "Qualified Persons" means:

1.   the Judge assigned to this case, personnel of the Court, court reporters, and video equipment operators at deposition or hearing;

2.   outside counsel for the Parties and employees of such counsel, and copy service personnel retained by counsel whose access to Confidential Information is necessary for the purposes of this Litigation;

3.   in-house counsel, paralegals, and legal staff for the Parties whose access to Confidential Information is necessary for the purposes of this Litigation;

4.   any Party to this action who is an individual;

5.   third parties retained by counsel for a Party or by a Party as consulting experts or expert witnesses, consultants, investigators, or advisors for the purposes of this Litigation if they comply with paragraph 10 of this Order;

6.   document contractors, electronic discovery contractors, exhibit contractors, and graphic art contractors who are engaged by counsel to assist in preparation of this Litigation if they comply with paragraph 10 of this Order;

7.   any present employee or officer of a named Party to this Litigation whose access to Confidential Information is necessary for purposes of this Litigation;

8.   any person indicated on the face of the Confidential Information to have been its author, addressee, or copy recipient;

9.   mediators or other settlement facilitators engaged by the Parties or appointed by the Court to provide services related to settlement discussions regarding this Litigation, and to whom it is necessary that the information be disclosed;

10.   any person who may testify as a witness at a deposition, hearing, trial or other proceeding in this Litigation, to the extent reasonably necessary to render or prepare for their testimony if they comply with paragraph 10 of this Order; and

6

11. any other person by Order of the Court after notice to all Parties and opportunity to be heard if they comply with paragraph 10 of this Order.

9. **Use and Disclosure of PHI.** All PHI shall be subject to the following restrictions:

A. All uses and disclosures of PHI, including disclosures made to facilitate discovery, shall comply, to the extent practicable, with the minimum necessary standard set forth in 45 C.F.R. § 164.502.

B. Upon compliance with all applicable discovery rules, statutes, and precedent authorizing the disclosure of PHI, all "Covered Entities" (as defined by 45 C.F.R. § 160.43) are authorized to disclose PHI to attorneys representing any of the Parties in this Litigation, which information shall be stamped "CONFIDENTIAL" and treated as such information is to be treated pursuant to this Order.

C. In accordance with and as defined by the HIPAA Rules, specifically 45 C.F.R. section 164.512(e)(1)(ii)(B) and (v), 42 C.F.R. Part 2 and related state laws, all parties to this Litigation are:

1. prohibited from using or disclosing PHI for any purpose other than the prosecution and defense of the Litigation. This includes, but is not necessarily limited to disclosure to their attorneys, experts, witnesses, consultants, court personnel, court reports, mediators, electronic discovery or copy services, trial consultants, discovery requests, and other entities or persons involved in the litigation process. Parties are required to designate PHI as "CONFIDENTIAL" and treat such information according to the terms of this Order;

2. required to securely destroy all copies of the PHI or to return them to the disclosing entity within 90 days of the conclusion of the Litigation pursuant to paragraph 15 of this Order; and

3. permitted to file pleadings, discovery or other documents which include or reference PHI with the court, subject to the terms of this Order. Efforts shall be made to redact, as appropriate, PHI prior to filing with the Court.

D. Prior to disclosing PHI to any Qualified Person, counsel shall take reasonable steps to inform each Qualified Person that PHI may not

be used or disclosed for any purpose other than this Litigation. Counsel shall take all other reasonable steps to ensure that persons receiving PHI do not use or disclose such information for any purpose other than this Litigation.

E. Any recipient of PHI shall implement reasonable administrative, technical, and physical security safeguards for such PHI. All persons who are provided PHI in this Litigation are required to keep PHI secure and to take reasonable precautions to ensure continued confidentiality, including precautions against unauthorized copying, use, or disclosure of information.

F. PHI shall be treated as Confidential Information in accordance with this Order without regard to any designation.

G. Any person receiving information with PHI subject to this Order shall sign the Acknowledgement attached to this Order as Exhibit A. All counsel shall maintain a list of the names of all third persons to whom disclosure of Confidential Information was made. Counsel must also maintain the original, executed declaration in Exhibit A for each person on the list.

H. This Order is not an authorization to obtain records. All Parties must fully comply with all applicable discovery rules, statutes, and precedent. Upon such compliance, all "Covered Entities" (as defined by 45 C.F.R. § 160.103) are authorized to disclose PHI to the attorneys for the Parties now of record in this Litigation or who may become of record in the future in this Litigation.

I. Based upon this Order and commencing immediately from the date of this Order, all persons, including but not limited to physicians and other medical providers,

 1. shall comply with any and all subpoenas for records with or without deposition to which no objection has been timely filed, as well as other subpoenas served upon them at any future time in the course of this Litigation; and

 2. are authorized and ordered to use or disclose PHI in response to said subpoenas, if such use or disclosure is necessary to comply with these subpoenas.

10. **Acknowledgement.** Any Qualified Person identified in Paragraph 8(D) above to whom Confidential Information and/or PHI is shown or to whom information contained in such materials is to be revealed shall first be required to agree in writing to be bound by the

8

terms of this Order, in the form attached as Exhibit A to this Order. Counsel making such disclosure to such Qualified Person shall retain the signed, written agreement. As to each person to whom any Confidential Information and/or PHI, in whole or in part, is revealed or shown pursuant to this Order, such information may be used only for purposes of this Litigation and may not be used for any other purpose. If disclosure is made to a Qualified Person, the terms of this Order apply to any subsequent or further disclosure to such person, and counsel must, before disclosure of any Confidential Information and/or PHI, advise such person of the terms of this Order.

11. **Excluding Non-Qualified Persons.** Counsel for any Party to this Litigation or counsel for the third-party witness may exclude from the room during any deposition, hearing, mediation, or other proceeding, any person (other than the witness who is then testifying) who is not entitled under this Order to receive Confidential Information and/or PHI. Confidential Information and PHI may not be disclosed to the witness then testifying except in conformity with this Order, as applicable. This provision does not prevent the Parties to this Litigation or their designated employees from being present at any deposition, hearing, trial, or other proceeding if they are advised that the information contained in the document is Confidential Information and informed that an unauthorized disclosure of the information in the document may constitute a breach of this Order.

12. **Control of Documents.** Counsel for the Parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated as "CONFIDENTIAL" pursuant to the terms of this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one

9

year after the later of settlement of the Litigation, dismissal of the Litigation, the entry of a final award, and/or the conclusion of any appeals arising therefrom.

13.    **The Parties' Right to Use Confidential Information.**  Notwithstanding any other provision of this Order, the Parties shall confer and attempt in good faith to agree before any hearing or other proceeding on the procedures to be included in a protective order pursuant to which Confidential Information may be introduced into evidence or otherwise used at such hearing, mediation, or other proceeding.  Absent agreement, the Court shall be asked to issue an order governing the use of such information at such hearing or other proceeding.  In addition, nothing in this Order shall be construed to limit in any way the right of the Parties, or any of their affiliates, or any employees of such Parties, to use Confidential Information they produced for any purpose. This Order shall not affect the dissemination of information obtained by a Party other than through discovery in this Litigation.

14.    **Filings containing Confidential Information.**  Any motion, brief, or other filing that contains Confidential Information should be redacted, as appropriate, or leave of Court should be sought to file such material under seal pursuant to all applicable law and local rules.

15.    **Conclusion of the Litigation.**  The provisions of this Order shall survive the conclusion of this Litigation.  Within 90 days of the later of the conclusion of this Litigation (whether by final award, settlement, or otherwise), resolution of all available appellate and/or confirmation proceedings, and the expiration of the time period in which to appeal, counsel of record and each Party, person, and entity who obtained Confidential Information and/or PHI shall either: (a) assemble and return to the producing party all materials that tend to reveal

Confidential Information and/or PHI, in whole or in part, or (b) destroy all materials that tend to reveal Confidential Information and/or PHI, in whole or in part, and, upon written request, deliver an affidavit in substantially the same form as Exhibit B to counsel for the Party who produced or supplied the Confidential Information and/or PHI. All documents prepared by counsel or experts and consultants, containing summaries, abstracts or quotations from documents that contain PHI and are subject to this Order and Order to Disclose shall be returned or destroyed within this same period. No originals or copies of any such Confidential Information and/or PHI shall be retained by any person or entity to which disclosure was made, except the Parties may retain one electronic or hard copy of all documents used in the Litigation. Counsel are not required to secure the return or destruction of PHI submitted to the Court.

16. **Failure to Designate.** The failure of a producing Party to designate material as "CONFIDENTIAL" in accordance with this Order, and the failure of the receiving party to object to such a designation, shall not preclude the Party from subsequently designating or objecting to the designation of Confidential Information. The Parties understand and acknowledge that the producing Party's failure to designate Confidential Information at or within the time specified in this Order relieves the other Party of any obligation of confidentiality until the designation is made.

17. **Retroactive Designation.** Documents previously produced before the entry of this Order, if any, shall be retroactively designated as Confidential Information for 30 days following the entry of this Order. If the producing Party does not designate the materials as "CONFIDENTIAL" within that time period, the materials shall thereafter be treated as undesignated, unless such documents contain PHI, which shall be treated as Confidential

11

Information designated as "CONFIDENTIAL" in accordance with this Order without regard to any designation.

18.     **Contesting a Designation.** A receiving Party shall not be obligated to challenge the propriety of designating any Confidential Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge. A Party may object to the designation of any document or information as "CONFIDENTIAL" by stating its objection (including a statement of the legal or factual basis for the objection) in writing to the Party making the designation and it shall make a good faith effort to resolve the dispute with counsel for the Party so designating the document. If the Parties cannot reach agreement as to the designation, the objecting Party may move the Court for an order determining whether such document is "CONFIDENTIAL." Pending a final ruling by the Court on the motion, the initial designation and the terms of this Order shall remain in effect.

19.     **Non-Waiver.** The production of Confidential Information under the terms of this Order shall not be construed to mean that the producing Party has waived any objections to the relevancy or admissibility of said materials. Nothing contained in this Order shall preclude any Party from opposing any discovery on any basis. The fact that any material or record has been designated as "CONFIDENTIAL" pursuant to this Order shall not itself be admissible into evidence and the Court shall not consider the fact of such designation in determining the merits of this case.

20.     **Use of Confidential Information in Litigation.** Except as otherwise provided in this Order, nothing in this Order shall be construed to restrict the use or disclosure of

Confidential Information designated as "CONFIDENTIAL" in motions, briefs, or other filings prepared in this Litigation.

21. **No Effect on Other Duties to Maintain Confidentiality.** Nothing in this Order shall waive or modify any past, present, or future duty as to confidentiality, if any, which may arise independently whether by contract or otherwise.

22. **Inadvertent Production of Confidential or Privileged Information.**

The production of privileged (whether attorney-client privileged or privileged pursuant to statute or common law) or work product material ("Privileged Information"), or Confidential Information, without a designation shall not be deemed a waiver or impairment of any claim of the confidentiality or privileged nature of any such material. If a propounding Party inadvertently produces information or documents that it considers Privileged Information or Confidential Information, in whole or in part, it may retrieve such information or documents or parts thereof, as follows:

        A.      Within 5 business days of the discovery of the inadvertent production, the producing party shall give written notice to all parties who received copies of the relevant document or information, in whole or in part, of the producing Party's claim of privilege or confidentiality, and shall state the nature of the privilege or Confidential Information (which, in the case of Privileged Information, shall consist of or be the equivalent of a privilege log entry for the document(s) in question);

        B.      Within 5 business days of receipt of such notice provided in subsection (a) above, all Parties who have received copies of the produced documents shall cease using the documents and, to the extent practicable, return them to the producing party. In the event that only parts of the documents are claimed to be privileged, the producing Party shall furnish redacted copies of such privileged documents, removing only the part(s) claimed to be privileged, to all Parties within ten (10) days of their return to the producer. The Privileged Information or Confidential Information shall be redacted, returned, or destroyed in such a way that the

inadvertently disclosed information cannot in any way be retrieved or inferred. Upon request, the non-producing Parties shall provide a written certification that the inadvertently disclosed Confidential Information or Privileged Information was returned or destroyed;

C.    After timely service of such notice, no motion to compel the production of the document or opposition to a motion to retrieve such a document may rely on an allegation that any privilege or protection as to the document was waived by its production;

D.    Nothing in this paragraph shall preclude any recipient of such notice from promptly moving for an order compelling production of such document on the ground that the claim of privilege or confidentiality is not well-founded. In that event, the inadvertently produced document may be reviewed by the Court to determine if the claim of privilege protection is well founded. The burden is on the producing Party to prove that the disclosed Privileged Information in dispute is protected;

E.    With respect to information subsequently generated by a receiving Party, which contains information derived from inadvertently disclosed Privileged Information: i) the receiving Party shall not use or disclose that information upon received notice from the disclosing Party asserting the inadvertent disclosure of Privileged Information; and ii) if the receiving Party does not obtain an order compelling production pursuant to a timely filed motion to compel, the receiving Party shall, within 5 business days after the deadline to file a motion to compel (if no motion is filed), or within 5 business days after learning of the denial (if a motion is filed), either destroy the derivative disclosed Privileged Information or redact from them all such derivative Privileged Information in a manner such that the derivative Privileged Information cannot in any way be retrieved, inferred, or reproduced;

F.    Regardless of the volume of documents inadvertently produced, the nature and extent of that production cannot constitute a waiver of any privilege that attaches to other documents that address the same topic or issue;

G.    Upon notice that any Confidential Information has not been appropriately designated, and should be redesignated as "CONFIDENTIAL," the Party receiving such notice shall make a reasonable, good faith effort to ensure that any analyses, memoranda, or notes that were generated based upon such material before its redesignation shall immediately be treated in conformity with any such redesignation;

H. Nothing in this paragraph shall limit a party's ability to assert to the Court that a disclosing Party's affirmative use of disclosed Privileged Information or Confidential Information in this Litigation if fairness requires disclosure of privileged work or work product protected information.

23. **Unauthorized Disclosure.** In the event of disclosure of any Confidential Information to a person not authorized to have access to such material, the Party responsible for having made, and any Party with knowledge of, such disclosure shall use its best efforts to obtain the return of any such Confidential Information, inform such person of all provisions of this Order and to bind such persons to the terms of this Order by requiring the execution of the declaration in the form attached as Exhibit A as soon as possible. Within ten (10) business days of the discovery of such disclosure, the Party responsible for the unauthorized disclosure shall provide counsel of record for producing Party with the identity of such person and the executed declaration, if secured at that time. If not yet obtained, the executed declaration shall be served upon counsel of record for the producing Party within five (5) business days of the execution of the declaration by the Party to whom Confidential Information was disclosed. The unauthorized disclosure shall not be constituted or deemed a waiver of any kind.

24. **Additional Parties.** If an additional Party joins or is joined in this action, the newly-joined Party shall not have access to any Confidential Information until the new Party acknowledges in writing that it agreed to be bound by this Order and such acknowledgement is distributed to all counsel of record.

25. **Requests for Confidential Information.** Should any person bound by this Order receive a subpoena, court order, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Confidential Information in any form, such person shall give written notice within five (5) days of receipt of such a request to the

15

Party who produced or supplied the Confidential Information so that the Party may seek appropriate relief, if any. No person bound by this Order who receives a subpoena, court order, civil investigative demand, or other process from a third party seeking, requesting, or requiring the disclosure of Confidential Information shall produce or disclose such documents or information unless and until (a) ordered by a court having competent jurisdiction, or (b) such production or disclosure is in accordance with the provisions of this Order and is expressly consented to by the Party or Parties to this Order that have produced or supplied the Confidential Information.

26. **Modification.** This Order may be modified by written stipulation of the Parties without further order of the Court, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding. Nothing contained in this Order shall preclude any Party from seeking an order of the Court modifying or supplementing this Order.

27. **Future Orders.** Nothing in this Order shall prohibit the Parties from seeking an order of the Court regarding the production or protection of these materials or any other discovery in the future.

28. **Miscellaneous.**

    A. This Order shall survive the final disposition of this Litigation, by judgment, dismissal, settlement, or otherwise.

    B. The Parties agree to abide by and be bound by the terms of this Order upon signatures as if the Order had been entered on that date.

    C. This Order may be executed in any number of counterparts, all of which, upon complete execution by the Parties, collectively shall be deemed to be the original.

16

D. Written notice provided under this Order shall be by way of regular U.S. mail and email to all counsel of record for the Party to whom notice is required to be given. Notice is deemed given upon mailing or transmission.

E. In the event that anyone violates or threatens to violate the terms of this Order, the Parties agree that the aggrieved Party may apply immediately to obtain injunctive relief against any such violations or threatened violations, and in the event the aggrieved Party shall do so, the respondent, subject to the provisions of this Order, shall not employ as a defense that the aggrieved Party possesses an adequate remedy at law.

F. Unless the Parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Order shall not be admissible for any purpose, nor shall the acceptance of any information designated pursuant to this Order constitute an admission or acknowledgment that the material so designated is in fact proprietary, confidential, or a trade secret.

**SO ORDERED.**

Dated: 9-16-22

Walter N. Rice

U.S. District Judge/U.S. Magistrate Judge

STIPULATED AND AGREED TO:

/s/ Brianna R. Miller (per 9/15/2022 email authorization)
Matthew G. Bruce, Esq. (0083769)
    Trial Attorney
Evan R. McFarland, Esq. (0096953)
Brianna R. Miller, Esq. (0097961)
SPITZ, THE EMPLOYEE'S LAW FIRM
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Email: Matthew.Bruce@SpitzLawFirm.com
Email: Evan.McFarland@SpitzLawFirm.com
Email: Brianna.Carden@SpitzLawFirm.com

Attorneys for Plaintiff Patricia Insprucker

/s/ Erin E. Rhinehart
Erin E. Rhinehart (0078298)
    Trial Attorney
Raika N. Casey (0101526)
FARUKI PLL
110 North Main Street, Suite 1600
Dayton, OH 45402
Telephone: (937) 227-3710
Fax: (937) 227-3717
Email: erhinehart@ficlaw.com
    rcasey@ficlaw.com

Attorneys for Defendant CareSource
Management Services LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| PATRICIA INSPRUCKER, | : | CASE NO. 3:22-cv-00229 |
| Plaintiff, | : | (Judge Walter H. Rice) |
| | | (Magistrate Judge Caroline H. Gentry) |
| v. | : | |
| CARESOURCE MANAGEMENT SERVICES LLC, | : | |
| | : | |
| Defendant. | : | |

---

## EXHIBIT A TO STIPULATED AND HIPAA QUALIFIED PROTECTIVE ORDER

I, _____, declare that:

    a.    I have read the Stipulated and HIPAA Qualified Protective Order entered in the above-captioned Litigation.

    b.    My present employer is _____ and the address of my present employer is _____. My present occupation or job description is _____.

        I understand and agree to be bound by the terms of this Stipulated and HIPAA Qualified Protective Order entered in this Litigation.

    c.    I will hold in confidence and will not disclose to anyone not qualified under the Stipulated and HIPAA Qualified Protective Order and will use only for purposes of this Litigation, any Confidential Information designated as "CONFIDENTIAL" disclosed to me.

    d.    I will hold in confidence and will not disclose to anyone not qualified under the Stipulated and HIPAA Qualified Protective Order and will use only for purposes of this Litigation any PHI disclosed to me, whether or not such PHI is designated "CONFIDENTIAL."

    e.    I understand that I am to retain all of the materials that I receive pursuant to this Stipulated and HIPAA Qualified Protective Order, and all copies or other reproductions made by me, for me, or at my direction, in a physically and electronically secure manner consistent with the Stipulated and HIPAA Qualified Protective Order (in a locked container, locked drawer, locked room for hard copy documents or electronic devices that contain the materials, and on a password-protected, secured computer, network, or other electronic device for

electronic versions of the materials).  I understand that I cannot allow
unauthorized persons access to the materials.

f.     I will return or destroy all PHI and Confidential Information that comes into my
       possession, and documents or things that I have prepared relating to those
       materials, to counsel for the party by whom I am employed or retained pursuant
       to the terms of the Stipulated and HIPAA Qualified Protective Order.  I
       understand that the return of all materials will not relieve me from any of the
       continuing obligations of confidentiality imposed upon me by the Stipulated and
       HIPAA Qualified Protective Order.

g.     I submit to the jurisdiction of the United States District Court for the Southern
       District of Ohio for the purpose of enforcement of this Stipulated and HIPAA
       Qualified Protective Order.

By:_____

Name: _____
                (Please print)
Date:_____

19

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| PATRICIA INSPRUCKER, | : | CASE NO. 3:22-cv-00229 |
| Plaintiff, | : | (Judge Walter H. Rice) |
| | | (Magistrate Judge Caroline H. Gentry) |
| v. | : | |
| CARESOURCE MANAGEMENT SERVICES LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

## **EXHIBIT B TO STIPULATED AND HIPAA QUALIFIED PROTECTIVE ORDER**

STATE OF _____)

COUNTY OF _____)

Before me, the undersigned Notary Public, in and for said County and State,

personally appeared _____, who after first being duly sworn,

states as follows:

1.    My name is _____. I am over the age of 18 years

and am a resident of _____County, _____. I make this

Affidavit based upon my personal knowledge, and I am competent to testify to the matters stated

below.

2.    I have either destroyed or have returned to the applicable party (or the party's

counsel of record) all of the Confidential Information (as defined in the Stipulated and HIPAA

Qualified Protective Order entered in this Litigation), which includes, but is not limited to,

documents and electronically-stored information produced in this Litigation, deposition

transcripts and exhibits, interrogatory answers and any other paper or electronic copies of Confidential Information.

    3.    I have either destroyed or have returned to the applicable party (or the party's counsel of record) all of the materials containing PHI (as defined in the Stipulated and HIPAA Qualified Protective Order entered in this Litigation), which includes, but is not limited to documents and electronically-stored information produced in this case, deposition transcripts and exhibits, interrogatory answers and any other paper or electronic copies of PHI.

FURTHER AFFIANT SAYETH NOT

                                            _____

                                            Signature of Affiant

        Subscribed and sworn to before me by _____, this \_\_\_\_\_ day of _____, 20\_\_.

                                            _____

                                            Notary Public

4882-0627-1027.1